UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENT SHULTZ,

    Plaintiff,

                             Case No. 10-10486
v.                             Honorable Patrick J. Duggan

MIGUEL BERRIOS, LAURIN THOMAS,
and JODI DEANGELO,

    Defendants.
_____/

**OPINION AND ORDER (1) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; (2) DENYING PLAINTIFF'S MOTIONS FOR LEAVE FOR JOINDER OF CLAIMS AND/OR PARTIES; AND (3) DENYING PLAINTIFF'S MOTION FOR SANCTIONS**

At a session of said Court, held in the
U.S. District Courthouse, Eastern District
of Michigan on February 23, 2011.

PRESENT:   HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

Plaintiff, a *pro se* prisoner, commenced this civil rights action against Defendants pursuant to 42 U.S.C. § 1983 on February 3, 2010. Plaintiff claims that Defendants violated his constitutional rights and state law during the parole hearing process. Defendants filed a motion for summary judgment on April 21, 2010. On April 22, 2010, this Court issued an order referring the matter to Magistrate Judge Michael Hluchaniuk "for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and

recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." (Doc. 28.) Plaintiff subsequently filed motions for leave to join additional parties and/or claims and a motion for sanctions.

On November 22, 2010, Magistrate Judge Hluchaniuk issued a "Report and Recommendation" ("R&R") addressing the parties' pending motions.[1] Finding that Plaintiff's proposed amendments to his complaint would be futile, Magistrate Judge Hluchaniuk concludes that Plaintiff's motions to join additional parties and/or claims should be denied. (R&R at 13.) Magistrate Judge Hluchaniuk also "recommends" that this Court deny Plaintiff's motion for sanctions. (*Id*. at 14.) With respect to Defendants' motion for summary judgment, Magistrate Judge Hluchaniuk finds no violation of Plaintiff's rights under the Constitution's Due Process or *Ex Post Facto* Clauses and therefore recommends granting judgment to Defendants on Plaintiff's § 1983 claim. (*Id*. at 8-12.) Magistrate Judge Hluchaniuk further recommends that this Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. (*Id*. at 12.)

---

[1] As indicated *supra*, in its April 22, 2010 order, the Court referred this matter to Magistrate Judge Hluchaniuk "for all pretrial proceedings, including a hearing *and determination* of all *non-dispositive matters* pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." (Doc. 28 (emphasis added).) Thus Plaintiff's *non-dispositive* motions for leave for joinder and for sanctions were referred to Magistrate Judge Hluchaniuk for *determination* as opposed to a recommendation for disposition. In his R&R, Magistrate Judge Hluchaniuk's determinations with respect to Plaintiff's motions are stated as recommendations. In light of the authority this Court conferred upon Magistrate Judge Hluchaniuk in the April 22 order, the Court is treating his "recommendations" on those non-dispositive matters as determinations and reviewing those determinations based on the standard set forth in § 636(b)(1)(A) (as opposed to the standard for reviewing magistrate judges' recommendations on dispositive matters set forth in Federal Rule of Civil Procedure 72(b)).

At the conclusion of his R&R, Magistrate Judge Hluchaniuk informs the parties that they must file any objections to the R&R within fourteen days. (R&R at 14.) Plaintiff filed seven objections on December 6, 2010, and one additional objection on December 16, 2010. Although the latter filed objection is untimely, the Court is considering it.

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), a magistrate judge's non-dispositive pretrial order shall not be reversed unless it is "clearly erroneous or contrary to law." A magistrate judge's decision on a nondispositive pretrial matter "is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 542 (1948). If there are two permissible views of the evidence, a magistrate judge's choice between them cannot be "clearly erroneous." *Anderson v. City of Bessmer*, 470 U.S. 564, 573, 105 S. Ct. 1504, 1512 (1985).

In comparison, when objections are filed to a report and recommendation by a magistrate judge on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the Report and Recommendation waives any further

right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149, 106 S.Ct. 466, 472 (1985).

Plaintiff's second, third, fifth, and sixth objections challenge Magistrate Judge Hluchaniuk's conclusions with respect to Plaintiff's motions for joinder of claims and/or parties and for sanctions.  None of Plaintiff's objections demonstrate that Magistrate Judge Hluchaniuk's conclusions are clearly erroneous.  As Plaintiff essentially is seeking to amend his complaint in these motions, it was proper for Magistrate Judge Hluchaniuk to evaluate whether the proposed amendments would be futile and he correctly concluded that they would be.  *See Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) ("A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, *or* would be futile") (emphasis added).

Plaintiff specifically objects to Magistrate Judge Hluchaniuk's conclusion that his proposed claim against Linda Skoog is meritless.  This Court finds no error in the magistrate judge's conclusion. Plaintiff cannot establish a viable due process violation based on Skoog's alleged ex parte communication relating to his parole eligibility, as Plaintiff lacks a constitutionally protected liberty interest in parole. *See Foster v. Booker*, 595 F.3d 353, 368 (6th Cir. 2010).

Plaintiff's remaining objections (i.e., his first, fourth and seventh) address Magistrate Judge Hluchaniuk's evaluation of Defendants' motion for summary judgment. Plaintiff's first objection relates to the doctrine of qualified immunity, which he claims Defendants cannot assert. Magistrate Judge Hluchaniuk did not invoke this doctrine, however, to conclude that Plaintiff's § 1983 claim against Defendants should be dismissed. Instead, the magistrate judge concluded that no constitutional violations occurred with respect to the consideration of Plaintiff for parole.

In his fourth objection, Plaintiff argues that the Sixth Circuit's decision in *Foster* is not controlling because it involved Michigan inmates sentenced to life with eligibility for parole (i.e. "parolable lifers") and he, in comparison, was sentenced to a term of imprisonment of twenty to forty years. This Court agrees with Magistrate Judge Hluchaniuk, however, that the Sixth Circuit's analysis of the plaintiffs' *ex post facto* and due process claims in *Foster* applies to Plaintiff's claims as well. Because the Michigan parole board has the discretionary authority to grant or deny Michigan inmates parole, Plaintiff, like the *Foster* plaintiffs, cannot demonstrate that there has been an increase in his sentence as a result of the retroactive application of substantive and procedural changes to the parole process rather than the parole board's decision within its discretion "to get tougher." *Foster*, 595 F.3d at 362. Further, like the plaintiffs in *Foster*, Plaintiff lacks a constitutionally protected liberty interest in parole and he has not served a sentence beyond the 40 years maximum imposed by the trial judge. Thus his due process allegations fail as well. *See id*. at 368-369 (upholding district court's dismissal of the

plaintiffs' due process claim challenging sufficiency of parole procedures under general procedural due process principles because they lack a constitutionally protected liberty interest in parole and rejecting the plaintiff's due process claim based on the theory that changes to Michigan's substantive parole standards and the state's parole laws and policies resulted in sentence higher than that foreseen by the state trial court at the plaintiffs' sentencing where the sentences the plaintiffs have served are within the ranges explicitly imposed).

Finally, in his seventh objection, Plaintiff contends that Magistrate Judge Hluchaniuk was required to conduct an evidentiary hearing with respect to Defendants' dispositive motion. There is no authority, however, requiring a magistrate judge to conduct an evidentiary hearing prior to making a recommendation on a dispositive matter. Rule 72 does not mandate an evidentiary hearing; instead, it only mandates a record *if* an evidentiary hearing is conducted. *See* Fed. R. Civ. P. 72(b)(1). In *Taylor v. Farrier*, 910 F.2d 518 (8th Cir. 1990)– the case on which Plaintiff relies to argue that a hearing is required– the court did not hold that a magistrate judge must conduct an evidentiary hearing before deciding a dispositive motion. Rather the court held that *if* an evidentiary hearing is held, the district court must review the record from that hearing to properly determine *de novo* any part of the magistrate judge's disposition to which an objection has been filed. *Id*. at 520.

For the above reasons, the Court finds no error in Magistrate Judge Hluchaniuk's R&R.

Accordingly,

**IT IS ORDERED**, that Defendants' motion for summary judgment (Doc. 27) is **GRANTED** and Plaintiff's claim pursuant to 28 U.S.C. § 1983 is **DISMISSED WITH PREJUDICE**. The Court declines to exercise supplemental jurisdiction with respect to Plaintiff's state law claims and those claims are **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED**, that Plaintiffs' Motion for Leave for Joinder of Parties (Doc. 30), Motion for Leave for Joinder of Claims (Doc. 33), Motion for Leave for Joinder (Doc. 34), and Motion for Sanctions (Doc. 37) are **DENIED**.

                                                      s/PATRICK J. DUGGAN
                                                      UNITED STATES DISTRICT JUDGE

Copies to:
Kent Shultz, #153553
Parnall Correctional Facility
1780 E. Parnall
Jackson, MI 49201

Scott R. Rothermel, Esq.

Magistrate Judge Michael Hluchaniuk